WILLIAMS, Judge.
Riley Bowman Melton died on January 31, 1971. The decedent left two written instruments purporting to be olographic wills, the first dated March 24, 1970 and the second dated November 22, 1970. Both of these instruments were filed with the Clerk of Court for the Parish of Winn, Louisiana. The first will dated March 24, 1970, reads as follows:
“Tuesday — March—24 1970
“The Last Will of Bowman Melton
I give Glen Melton, my nephew, my 69 Ford Pickup truck — 20 acres of land bought from Wright Melton — & any personal effects I may have — money & etc I give to my Bro — James E Melton, Oak Grove, any & all property I inherite my Mother & Father—
I wish to be buried in the Melton Graveyard with the cheapest funeral Southern can provide — against the fence north of Matt Moore—
Get Preacher Jones to say a few words, just that the boy grieved for his father, also Bro Gage—
Pallbearer — M. A. Jordan Jr, Phillip Leach Walter Naxwell, Shorty Walters, Dick Watts, Roy Melton
Best wishes to my friends Atty Simons —Robt & Richard Heard — The Milams —-•& others Mr. Harley Bozeman & Cas Moss, Jr.
/s/ Bowman Melton”
The second instrument, dated November 22, 1970 reads as follows:
“Nov 22 — 1970
“Will of Bowman Melton—
I give my 69 white truck to Glenn Melton Also my land that I bought from Wright Melton—
I would like to be buried in the Melton Cemetary—
Pall bearers — Ma Jordan, Jr. Shorty Walters
Roy Melton — Dick Watts—
Best Wishes to my friends — Mr. Harley Bozeman — -Robert & Richard Heard— Atty Simons—
My Old Buddies Frank High of Shreveport
Wilson Evans & Rod Dillard—
Preacher James & Gage — Just say the boy missed his father — My mind has become messed up and I elect you—
Best wishes to everyone—
I like to be buried in the cheapest funeral Southern can provide — No flowers or anything — What Social Security will provide — 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—
/s/ Bowman Melton”
Mrs. Mamie Melton Younger, decedent’s sister, instituted this suit seeking judgmerit against defendants, James E. and Glen Melton, declaring the purported will of Riley Bowman Melton dated March 24, 1970 to have been revoked by the instrument dated November 22, 1970. Additionally she asked the latter instrument be declared the last will and testament of decedent and ordered probated.
In the alternative, plaintiff asks if the instrument dated March 24, 1970 be declared not to have been revoked by the posterior testament dated November 22, *4121970, that the disposition made to James E. Melton in the March 24, 1970 instrument be declared to mean property acquired by decedent’s natural mother and father (Riley C. Melton and Mamie Gelvin Melton) during the existence of the community of acquets and gains existing between them.
The trial court rendered judgment in favor of defendants, James E. Melton, Glen Melton, and against plaintiff, Mamie Melton Younger, rejecting the demands of plaintiff at her cost, and decreeing the wills of Riley Bowman Melton dated March 24, 1970 and November 22, 1970, respectively, to be valid and effective, and given full effect as the testamentary dispositions of the decedent, Riley Bowman Melton. The judgment held valid the bequests made by the testator, Riley B. Melton to James E. Melton of the property inherited by the testator from either of his parents, and the bequest to Glen Melton of the 1969 white truck and the land purchased from Wright Melton.
In his written opinion the trial court held the second “will” reduced the donation to Glen Melton by omitting the donation of money and other personal effects, and further held the remainder of decedent’s properties would be inherited by his legal heirs in accordance with the inheritance laws of this state. Plaintiff appealed, and defendant Glen Melton has answered the appeal.
Plaintiff brought this direct action against two named special legatees to determine the validity and right to probate the above instruments as wills of decedent. The record shows the two instruments have been filed with the Clerk of Court of Winn Parish and is void of any further succession proceedings to probate the alleged wills. We find it appropriate to determine if such an action may be brought prior to the opening of decedent’s succession and an attempt to probate the wills being sought. We answer this affirmatively. LSA-C.C. Art. 1644 provides, in substance, that no testament can have effect until it is probated.
The Court of Appeal, Third Circuit, dealt with this codal article in Guidry v. Hardy, 254 So.2d 675 (3d Cir. 1971). In that case the court stated:
“Article 1644 of the Louisiana Civil Code provides, in substance, that no testament can have effect until it is probated. That article is not applicable here, because in this suit no one is seeking to execute or give the will effect prior to having it probated. This is simply an action for a declaratory judgment determining whether the will is or is not valid and thus whether it can be probated. We do not interpret the cited article as prohibiting the relief sought here. Articles 2853, 2901 and 2931 of the Code of Civil Procedure provide procedures for presenting wills for probate, for objecting to the probate and for annulling a will after it has been probated. We do not interpret any of those articles as meaning that the procedures therein prescribed are exclusive or that declaratory relief cannot be sought and obtained.

“The Declaratory Judgments Act specifically provides that a person interested under a will may have determined by declaratory relief any question of validity of that instrument. LSA-C.C.P. art. 1872. Article 1874 stipulates that a person interested as a legatee or an heir of the estate of a decedent may have a declaration of rights or legal relations in respect thereto ‘to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.’
“We think the above cited provisions of the Code of Civil Procedure authorize declaratory relief under the circumstances presented in this suit. And, since we find nothing in the law which prohibits or precludes that type of relief, we hold that plaintiff has the right to maintain this action for declaratory relief, even though the will has not been presented for probate in this state.”
[254 So.2d 675, 680]
*413The trial court, in its opinion, states it was not disputed the above instruments were entirely written, dated and signed by decedent.
Riley Bowman Melton was one of four children born of the marriage between Riley C. Melton and Mamie Gelvin Melton. Riley C. Melton’s first marriage was dissolved by the death of Mamie Gelvin Bowman on August 11, 1928. She died intestate and was survived by her husband Riley C. and four children: Riley Bowman Melton, decedent, William Huey Melton, James E. Melton and Mamie Melton Younger, plaintiff herein.
Riley C. Melton married a second time to Lillie Williams. Riley C. Melton died intestate on September 22, 1970, and of this second marriage no children were born. Riley C. was survived by his widow Lillie and the four children of his first marriage.
Riley C. Melton acquired immovable property during his first marriage, during the interim between his first and second marriage, and during the second marriage.
The record is void as to the marital status of Riley Bowman Melton. There is no reference to any marriage during his lifetime.
Plaintiff’s contentions are (1) the purported will dated March 24, 1970 be declared revoked by the instrument dated November 22, 1970; (2) the instrument dated November 22, 1970 be declared the last will and testament of Riley Bowman Melton; (3) if the instrument dated March 24, 1970 was not revoked by the November 22, 1970 instrument, then there was a tacit revocation of the bequests to James E. Melton and a portion of the bequests to Glen Melton for no mention of such bequests were made in the posterior instrument; (4) if the instrument dated March 24, 1970 was not revoked by the instrument dated November 22, 1970, the disposition made to James E. Melton in the March 24, 1970 instrument be held to mean only the property acquired by the decedent’s natural mother and father comprising the community of acquets and gains between them.
Both defendants, James E. Melton and Glen Melton, contend the specific bequests in the will of March 24, 1970 were not revoked by the November 22, 1970 instrument as they were not incompatible, contrary, or entirely different from the provisions of the latter instrument. They rely upon LSA-C.C. arts. 1712, 1715, 1716 and 1693.
The trial court held the two instruments valid wills and each should be given effect. We quote from the conclusions of the trial court:
“For the above and foregoing reasons it is my opinion that both wills, the will dated March 24, 1970 and the will dated November 22, 1970, of the decedent, Riley Bowman Melton, are valid and should be given effect. It is, also, my opinion that the decedent intended, when he executed the first will, to donate to James E. Melton all the property that he inherited from his parents, Riley C. Melton and Mamie Gelvin Melton. He did not revoke that bequest. It is my further opinion that the decedent in his second will reduced the donation to Glen Melton by omitting the donation of money and other personal effects; and that he intended tS donate to him the 1969 white truck and the land he had purchased from Wright Melton. Therefore, I conclude that decedent made no disposition of any property not bequeathed to James E. Melton and Glen Melton; and that the remainder of the decedent’s property will be inherited by his legal heirs in accordance with the inheritance laws of this State.”
From the judgment in accord with the trial court’s opinion plaintiff perfected a devolutive appeal to this court. The defendant, Glen Melton, has answered this appeal seeking to amend the judgment of the trial court declaring as tacitly revoked a portion of the bequest to him.
*414When the trial court properly declared both of the instruments valid wills and ordered them probated, it effectively constituted the will dated November 22, 1970 as a codicil to the March 24, 1970 will.
We approve this action of the trial court. This brings us to the task of interpreting the will and the codicil. The full expression of testator’s intentions must be derived from considering all of the clauses of these instruments. Neither of the two wills contain a revocatory clause. The instrument dated November 22, 1970, determined a codicil, is therefore a posterior testament and our interpretation of the two instruments must be as directed by the articles of the Louisiana Civil Code. Article 1693 provides:
“Posterior testaments, which do not, in an express manner, revoke the prior ones, annul in the latter only such of the dispositions therein contained as are incompatible with the new ones, or contrary to them, or entirely different.”
The bequest to James E. Melton was not mentioned in the codicil dated November 22, 1970. Mere omission is not in itself considered a tacit revocation incompatible with the bequest in the March 24, 1970 will. The special bequest to James in the March instrument states:
“I give to my Bro. James E. Melton, Oak Grove, any & all property I inherite (sic) my Mother & Father.” (emphasis supplied)
The trial court correctly held this bequest covers all properties decedent owned at his death and which were acquired by him through inheritance from his late father, Robert C. Melton and his late mother, Mamie Gelvin Melton. The words “any & all” clearly show this to be decedent’s intent.
The trial court stated:
“ * * * The testator did not mention in the instrument dated November 22, 1970, that Glen Melton should receive his personal effects, money, etc. Therefore, it is my opinion that the testator intended to limit the bequest to Glen Melton to the truck and the twenty acres of land that the testator had purchased from Wright Melton.”
We are unable to determine the basis of this conclusion. As above stated, the mere omission of the words “& any personal effects I may have—money & etc.” would not be “Incompatible with the new one, or contrary to them, or entirely different." In directing the special legacy to Glen Melton be limited to that expressed in the second will, we find the trial court in error. To this extent the trial court’s judgment is reversed and we hold Glen Melton is entitled to receive the special legacies set forth in the instrument dated March 24, 1970.
Accordingly, the judgment of the trial court is amended to read as follows:
It is ordered, adjudged and decreed there is judgment in favor of James E. Melton and Glen Melton and against Mamie Melton Younger, rejecting the demands of plaintiff at her cost and decreeing the wills of Riley Bowman Melton dated March 24, 1970 and November 22, 1970 respectively to be valid and effective, and given full effect as the testamentary dispositions of the decedent, Riley Bowman Melton.
It is further ordered, adjudged and decreed that there be judgment recognizing the bequest made by the testator, Riley Bowman Melton, to James E. Melton, of the property inherited by said testator from his parents, and the bequest of said testator to Glen Melton of “69 Ford pickup truck—20 acres of land bought from Wright Melton—& any personal effects I have—money & etc.” to be valid donations and dispositive of said property with the intention of said testator as expressed in said wills.
Costs are assessed to appellant.